# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DERRICK SCOTT (#126372)

VERSUS                                          CIVIL ACTION

JAMES M. LEBLANC, ET AL                 NUMBER 12-239-BAJ-SCR

## RULING

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Warden N. Burl Cain and Legal Programs Director Trish Foster.  Plaintiff alleged that he was charged for legal supplies and stamps in violation of his First Amendment rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him

to relief.  *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties.  *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.  *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be

proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Plaintiff alleged in his complaint that he filed an administrative grievance regarding the claims raised in the complaint but prison officials have not yet accepted the grievance into the two step procedure and have placed it "in limbo."[1]

Because the plaintiff failed to identify the Administrative Remedy Procedure (ARP) number assigned to his administrative grievance, the Louisiana Department of Corrections was ordered to file a certified copy of the entire record of the administrative proceeding.[2]

The Department of Corrections responded to the order certifying that on April 3, 2012, the plaintiff filed an administrative grievance complaining that he was being

---

[1] Record document number 1, p. 3.

[2] Record document number 4.

improperly charged for legal supplies and stamps.[3]  The administrative grievance was assigned as ARP number LSP-2012-985 and was placed on backlog because the plaintiff has another administrative grievance being processed through the procedure.[4]

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought.  La. Admin. Code tit. 22, pt. I § 325(G)(1)(a).  The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected.  *Id.*  The warden shall respond to the inmate within 40 days from the date the request is received at the first step.  *Id.*  An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision.  *Id.* at § 325(G)(2)(a).  A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt.  *Id.*

Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy

---

[3]  Record document number 6.

[4]  *Id.*

procedures does not satisfy exhaustion. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Plaintiff acknowledged on the face of the complaint that his ARP was placed "in limbo", i.e., backlogged, and he has not yet received a response to his administrative grievance from prison officials.

Even assuming that the administrative grievance was subsequently removed from backlog and accepted into the process since April 3, 2012, there has not been sufficient time to exhaust available administrative remedies through the two step process.

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Plaintiff's complaint shall be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[5]

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, June 1, 2012.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[5]   *Underwood v. Wilson*, 151 F.3d at 296.